[EDITORS' NOTE: ILLUSTRATION IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 252 
The "but if not" clause was intended to allow the candidate who has resided for over a year in District ABC, to run for election as a legislator representing District C. Why should he not be allowed to? The purpose of the residency requirement has been met — the candidate has spent over a year in the (old) district with residents of C, just as he has with the residents of A and B, and residents of C should know him just as well as residents of A and B.
This particular provision becomes important when we consider that the candidate, while a resident of B, may in actuality be closer to the residents of C than to the other residents of A and B. Consider an additional element in our hypothetical:
[EDITORS' NOTE: ILLUSTRATION IS ELECTRONICALLY NON-TRANSFERRABLE.]
In this case, it is clear that the candidate will be closer to the people of "new" District C than to the people of District AB — even though he is not in "new" District C. If the candidate is willing to move the short distance to C (and perhaps it would be immaterial whether he moved before or immediately after the election), why should the people of "new" District C not be permitted to choose him as their legislator? No policy or purpose of § 47 would be defeated by such a choice; on the contrary, this is exactly what the "but if not" clause allows.
But now let us try to apply § 47 to the situation of candidate Gray in the present case. He resides in "old" District 34, but that district has been carved up and divided among several "new" districts. His situation would be that of the following diagram, in which the inside square represents "old" District 34, and the outside triangles represent "new" districts:
[EDITORS' NOTE: ILLUSTRATION IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 253 
Candidate Gray wishes to move from "old" 34 to "new" 34 and run for election there. The "new" district has been in existence for less than a year, so Gray does not have time to meet the general requirement that he reside there for one year before the election. Therefore, he seeks to invoke the "but if not" clause of § 47 — he says, in effect, "But I have lived for the past year in one of the old districts from which the new district has been taken."
The "but if not" clause cannot be applied to Gray's case. To so apply it would defeat the letter and the spirit of § 47. He is not within the letter of it because "old" 34 is not "the county or district" from which the new one was taken — it is"one of the districts" from which the new one was taken. But more important, he would not be within the spirit of § 47: the purpose of § 47 being that the candidate must have been in a district with his constituents long enough (one year) for them to learn him and for him to learn of their problems. Butler v.Amos, supra. In Gray's situation there will be others in the new district who have not been in the old district with Gray for the year preceding the election. To allow him to run in "new" 34 would, therefore, violate the purpose of § 47 as it was set out in Butler.
Now that district lines are drawn according to the population patterns and not according to county lines, is there any present field of operation for the "but if not" clause? Yes. Consider another hypothetical: Suppose that in a certain county there are three legislative districts, and the census figures allow 30,000 persons per district. The county would look like this:
[EDITORS' NOTE: ILLUSTRATION IS ELECTRONICALLY NON-TRANSFERRABLE.]
Suppose that after the next census, we still have one legislator for 30,000 people, but that 15,000 people have moved from District 2 to the eastern half of District 3. The lines might be redrawn so that the county looks like this:
[EDITORS' NOTE: ILLUSTRATION IS ELECTRONICALLY NON-TRANSFERRABLE.]
In this example District 1 remains unchanged; District 2 is enlarged to include the west half of "old" District 3; and a "new" District 3 is created. If the next election is less than a year away, then the "but if not" clause would allow a person who has lived for a year anywhere in the "old" District 3 to move into "new" District 3 and automatically meet the one-year residency requirement. To allow this result would comport with both the letter and the spirit of § 47, Const. 1901.
To the extent the Party has interpreted § 47 as requiring that a candidate must have lived for one year within the land area of the "new" district, I think it has erred. Nevertheless, as § 47 relates to the situation of these particular candidates, I think the Party and this Court have reached the correct result. I do think the meaning of the "but if not" clause should be directly addressed in this case.
FAULKNER and BEATTY, JJ., concur.